HEARD APRIL TERM, 1878.

## REEVES *vs.* SIMS.

Where lands are sold by Sheriff under execution against B, and A forbids the sale, claiming the land as hers, that is sufficient notice of her title to a purchaser.

In an action to recover the possession of land under pleadings which allege merely that the plaintiff is seized in fee and which contains a denial of the allegations of the complaint, it is competent for the defendant to introduce evidence at the trial tending to show that the plaintiff held the land as trustee for defendant.

BEFORE MACKEY, J., AT LANCASTER, SEPTEMBER TERM, 1877.

This was an action by James B. Reeves against Amanda Sims to recover the possession of lands.

The complaint alleged that the plaintiff is seized in fee of the premises and that the defendant is in possession. The answer merely contained a general denial of the allegations of the complaint.

At the trial the plaintiff gave in evidence: First, two deeds, dated in 1869, by which the defendant conveyed the land in dispute to one James A. P. Blackmon; second, a deed from James A. P. Blackmon to Samuel B. Sims for the same land, dated in 1871; third, a judgment of James B. Reeves against Samuel B. Sims, execution thereon lodged in the Sheriff's office, levy on the land in dispute, sale thereunder, and a conveyance in March, 1875, by the Sheriff to the plaintiff.

The defendant contended that the deeds by herself to Blackmon were fraudulent and void, and gave evidence for the purpose of establishing the fraud. She also testified to facts tending to show that Blackmon held the land as a trustee for her. She further testified that she was present at the Sheriff's sale under which the plaintiff claimed and that she forbid the sale.

The plaintiff objected to the introduction of evidence tending to show fraud, on the ground that no fraud was alleged in the answer. The objection was overruled.

The plaintiff's counsel then requested the Court to charge as follows:

" That, even *should* they believe the testimony of the defendant, if the plaintiff, James B. Reeves, had no notice or knowledge of the alleged fraud or of the alleged trust in favor of defendant before his purchase of the land at Sheriff's sale, then their verdict should be for plaintiff, especially if they found that there was laches or negligence on the part of the defendant in the prevention of such alleged fraud or in the discovery of such alleged trusts."

The Court declined so to charge, having already charged them that if they believed that the defendant had forbid the sale and claimed the land at the time plaintiff purchased, and before he bought, and that plaintiff knew of this before he bought, that it was sufficient to put him upon his guard and saved the plaintiff's rights. This was repeated to the jury, and it was added that, the defendant being an illiterate person and unable to read or write, negligence could not be imputed to her for signing a deed upon

the representations of others and in ignorance of its contents; and that if they believed the defendant's testimony, and that the deed was not read over to her, it would authorize a verdict for defendant. The plaintiff's counsel excepted to the refusal to charge as requested.

The jury found for the defendant.

The plaintiff appealed.

*Allison & Connors*, for appellant.

*Moore*, contra.

November 22, 1878. The opinion of the Court was delivered by

HASKELL, A. J. The only exception taken in this case is to the refusal by the Judge to charge the jury "that, even *should* they believe the testimony of the defendant, if the plaintiff, James B. Reeves, had no notice or knowledge of the alleged fraud or of the alleged trust in favor of the defendant before his purchase of the land at Sheriff's sale, then their verdict should be for plaintiff, especially if they found that there was laches or negligence on the part of the defendant in the prevention of such alleged fraud or in the discovery of such alleged trusts."

The defendant testified that she "forbid the sale at Sheriff's sale," and that "Reeves was present when she forbid the sale." That was actual notice. If the jury believed "the testimony of the defendant," the conclusion that Reeves did have notice is unavoidable. The charge requested was, in effect, "that, even should the plaintiff have had notice, if the plaintiff had no notice, &c." Such a charge would have been wholly incongruous, could only have misled the jury and was properly refused *in toto* by the Judge. It is useless to say that the latter portion of the charge requested may have been unobjectionable. It followed as an incident to the first, or was so intended, and must stand or fall with it. If the entire charge, as requested, is refused, it is the duty of the Attorney, not of the Judge, to sever the request if it contain distinct propositions and present them separately. There can then be no mistake as to what is asked or what is refused. It may be that the plaintiff did mean to take exception to the ruling of the Judge with regard "to the introduction of evidence tending to show fraud in the deed from Amanda Sims to Blackmon, there being no fraud alleged in the answer, but simply a general denial." The exception, if taken, is

not clearly expressed. The reply, however, is conclusive. The complaint sets forth no specific title to the land in dispute, and a general denial was the only defense possible. When the plaintiff proceeded in his case by setting up his title, the defendant had unquestionably the right to produce any and every kind of evidence in defense which she might have set up in the answer had the plaintiff alleged the facts in his complaint.

The judgment is affirmed.

Motion refused.

*Willard*, C. J., and *McIver*, A. J., concurred.